**SUPREME COURT OF THE STATE OF NEW YORK**
COUNTY OF KINGS

JACQUELINE CARTER,

Plaintiff(s),

-against-

AMAZON.COM, INC., AMAZON.COM, LLC, AMAZON LOGISTICS, INC., and ALEXIS VERGARA,

Defendant(s).

**SUMMONS**

**Date Purchased:**
Index No.:

Plaintiff designates KINGS COUNTY as the place of trial.

The basis venue is: Accident Situs

**To the above-named Defendants:**

**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance, on the Plaintiff's attorney within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: Mineola, NY
03/18/2026

**THE IRWIN LAW FIRM P.L.L.C.**

By: ______________________
Ethan D. Irwin, Esq.
THE IRWIN LAW FIRM P.L.L.C.
Attorney for Plaintiff
305 Broadway, Suite 717
New York, New York 10007
(646) 693-8633

**TO:**
**Amazon.com, Inc.**
**1165 SANCTUARY PKWY**
**ALPHARETTA, GA 30009**

**Amazon.com, LLC**
**1165 SANCTUARY PKWY**
**ALPHARETTA, GA 30009**

**Amazon Logistics, Inc.**
**1165 SANCTUARY PKWY**
**ALPHARETTA, GA 30009**

**ALEXIS VERGARA**
**77 SIMONE AVE**
**STATEN ISLAND, NY 10303**

Case 1:26-cv-01785-EK-PCG Document 2-1 Filed 03/25/26 Page 3 of 8 PageID #: 37

**SUPREME COURT OF THE STATE OF NEW YORK**
COUNTY OF KINGS

JACQUELINE CARTER

Plaintiff(s),

**VERIFIED COMPLAINT**

-against-

AMAZON.COM, INC., AMAZON.COM, LLC,
AMAZON LOGISTICS, INC., and ALEXIS VERGARA,

Defendant(s).

Plaintiff, by and through their attorney THE IRWIN LAW FIRM P.L.L.C., as and for a Verified Complaint herein, respectfully sets forth and alleges upon information and belief as follows:

1. That at all times herein mentioned, Plaintiff JACQUELINE CARTER was and still is a resident of the County of Prince George, City of Lanham, and State of Maryland.

2. That at all times herein mentioned, Defendant ALEXIS VERGARA was and still is a resident of the County of Staten Island, City and State of New York.

3. That at all times herein mentioned Defendant ALEXIS VERGARA operated the motor vehicle bearing registration number 26570NA.

4. That at all times herein mentioned Defendant ALEXIS VERGARA managed the motor vehicle bearing registration number 26570NA..

5. That at all times herein mentioned Defendant ALEXIS VERGARA maintained motor vehicle bearing registration number 26570NA.

6. That at all times herein mentioned Defendant ALEXIS VERGARA controlled the motor vehicle bearing registration number 26570NA.

7. That at all times herein mentioned Amazon.com, Inc. was a foreign business corporation duly authorized to conduct business in the State of New York.

8. That at all times herein mentioned Defendant Amazon.com, Inc. was a domestic business corporation duly authorized to conduct business in the State of New York.

9. That at all times herein mentioned Defendant Amazon.com, Inc. conducted business in the State of New York.

10. That at all times herein mentioned, Defendant Amazon.com, Inc. was the registrant of a motor vehicle bearing registration number 26570NA.

11. That at all times herein mentioned Defendant Amazon.com, Inc. was the owner of a motor vehicle bearing registration number 26570NA.

12. That at all times herein mentioned Defendant Amazon.com, Inc. managed the motor vehicle bearing registration number 26570NA.

13. That at all times herein mentioned Defendant Amazon.com, Inc. maintained the motor vehicle bearing registration number 26570NA.

14. That at all times herein mentioned Defendant Amazon.com, Inc. controlled the motor vehicle bearing registration number 26570NA.

15. That at all times herein mentioned Amazon.com, LLC was a foreign business corporation duly authorized to conduct business in the State of New York.

16. That at all times herein mentioned Defendant Amazon.com, LLC was a domestic business corporation duly authorized to conduct business in the State of New York.

17. That at all times herein mentioned Defendant Amazon.com, LLC conducted business in the State of New York.

18. That at all times herein mentioned, Defendant Amazon.com, LLC was the registrant of a motor vehicle bearing registration number 26570NA.

19. That at all times herein mentioned Defendant Amazon.com, LLC was the owner of a

motor vehicle bearing registration number 26570NA.

20. That at all times herein mentioned Defendant Amazon.com, LLC managed the motor vehicle bearing registration number 26570NA.

21. That at all times herein mentioned Defendant Amazon.com, LLC maintained the motor vehicle bearing registration number 26570NA.

22. That at all times herein mentioned Defendant Amazon.com, LLC controlled the motor vehicle bearing registration number 26570NA.

23. That at all times herein mentioned Amazon Logistics, Inc. was a foreign business corporation duly authorized to conduct business in the State of New York.

24. That at all times herein mentioned Defendant Amazon Logistics, Inc. was a domestic business corporation duly authorized to conduct business in the State of New York.

25. That at all times herein mentioned Defendant Amazon Logistics, Inc. conducted business in the State of New York.

26. That at all times herein mentioned, Defendant Amazon Logistics, Inc. was the registrant of a motor vehicle bearing registration number 26570NA.

27. That at all times herein mentioned Defendant Amazon Logistics, Inc. was the owner of a motor vehicle bearing registration number 26570NA.

28. That at all times herein mentioned Defendant Amazon Logistics, Inc. managed the motor vehicle bearing registration number 26570NA.

29. That at all times herein mentioned Defendant Amazon Logistics, Inc. maintained the motor vehicle bearing registration number 26570NA.

30. That at all times herein mentioned Defendant Amazon Logistics, Inc. controlled the motor vehicle bearing registration number 26570NA.

31. That at all times herein mentioned Defendant ALEXIS VERGARA operated the motor vehicle bearing registration number 26570NA with the knowledge, permission, and consent of Defendant Amazon.com, Inc.

32. That at all times herein mentioned Defendant ALEXIS VERGARA operated the motor vehicle bearing registration number 26570NA within the course and scope of his/her employment with Defendant Amazon.com, Inc.

33. That at all times herein mentioned Defendant ALEXIS VERGARA operated the motor vehicle bearing registration number 26570NA with the knowledge, permission, and consent of Defendant Amazon.com, LLC.

34. That at all times herein mentioned Defendant ALEXIS VERGARA operated the motor vehicle bearing registration number 26570NA within the course and scope of his/her employment with Defendant Amazon.com, LLC.

35. That at all times herein mentioned Defendant ALEXIS VERGARA operated the motor vehicle bearing registration number 26570NA with the knowledge, permission, and consent of Defendant Amazon Logistics, Inc.

36. That at all times herein mentioned Defendant ALEXIS VERGARA operated the motor vehicle bearing registration number 26570NA within the course and scope of his/her employment with Defendant Amazon Logistics, Inc.

37. That at all times herein mentioned Plaintiff JACQUELINE CARTER operated a motor vehicle bearing Maryland registration 72918HT.

38. That at all times herein mentioned Ralph Avenue and Flatlands Avenue in the County of Kings, City and State of New York were public thoroughfares.

39. That on December 11, 2025, on Ralph Avenue, at or near its intersection with Flatlands

Avenue, in the County of Kings, City and State of New York, Defendant ALEXIS VERGARA operated the motor vehicle bearing New York State registration 26570NA.

40. That December 11, 2025 at approximately 3:30 PM on Ralph Avenue, at or near its intersection with Flatlands Avenue, in the County of Kings, City and State of New York, Plaintiff JACQUELINE CARTER operated the motor vehicle bearing Maryland registration 72918HT.

41. That at the above date, time and location, the motor vehicle owned and operated by Defendants came into contact with the motor vehicle operated by Plaintiff.

42. That by reason of the foregoing, the Plaintiff was injured.

43. That the foregoing accident and the resulting injuries to Plaintiff were caused solely by reason of the carelessness, negligence, and wanton and willful disregard on the part of the Defendants and without any negligence on the part of the Plaintiff contributing thereto.

44. That the within action falls within one or more of the exceptions set forth in CPLR §1602.

45. That by reason of the foregoing, Plaintiff was severely injured and damaged, rendered sick, sore, lame, and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and Plaintiff will be permanently caused to suffer pain, inconvenience, and other effects of such injuries; Plaintiff incurred in the past and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and Plaintiff has suffered and/or in the future will necessarily suffer additional loss of time and earnings from employment; and Plaintiff will be unable to pursue the usual duties with the same degree of efficiency as prior to this accident, all to Plaintiff's great damage.

46. That as a result of the foregoing, this Plaintiff suffered a serious injury as defined by §5102(d) of the Insurance Law of the State of New York.

47. That by reason thereof, Plaintiff is entitled to recover for non-economic loss and for such economic losses as are not included within the definition of 'basic economic loss' as set forth in §5102(a) of the Insurance Law of the State of New York.

48. That Plaintiff is a 'covered person' as defined by §5102(j) of the Insurance Law of the State of New York.

49. That by reason of the foregoing, Plaintiff has been damaged in an amount which exceeds the jurisdictional limitations of any and all lower courts.

**WHEREFORE**, Plaintiffs demands judgment against the Defendant herein in an amount which exceeds the jurisdictional limitations of any and all lower Courts and in an amount that exceeds seventy five thousand ($75,000.00) dollars, with such amount to be determined upon the trial of this action, together with the costs and disbursements of this action, and with interest thereon from the date of this accident..

Dated: Mineola, NY
03/18/2026

**THE IRWIN LAW FIRM P.L.L.C.**

By: ______________________________
Ethan D. Irwin, Esq.
Attorney for Plaintiff
305 Broadway, Suite 717
New York, NY 10007
(646) 693-8633
ethan@ethanirwinlaw.com