# THE IRWIN LAW FIRM, P.L.L.C.

305 Broadway, Suite 717
New York, NY 10007
Tel. 646-693-8633 • Fax 516-706-6948
www.ethanirwinlaw.com

May 4, 2026

**VIA ECF**
Judge Eric Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Docket No. 1:26-cv-01785; *Carter v. Amazon.Com, Inc., et al.*

Dear Judge Komitee:

Plaintiff respectfully submits this letter in further support of her motion for remand filed on April 23, 2026. *See* ECF No. 11.

Amazon's position is partially based on claims that the Plaintiff is a citizen of Maryland. Plaintiff has made no such claim. The Complaint alleges only that Plaintiff is a *resident* of Maryland, an allegation that is legally insufficient to establish citizenship. *See Jordan v. Verizon Corp.*, 2008 U.S. Dist. LEXIS 100449, *13 ("***Mere allegations of residency alone are insufficient to establish citizenship***.") (emphasis added); *Park v. McGowan*, 2011 U.S. Dist. LEXIS 121128, 4 ("The allegations in the complaint and the notice of removal referred only to the parties' residencies, which is not sufficient to establish their citizenship.") (attached as Exhibit 1); *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996).

Amazon plainly recognizes this defect, as evidenced by its request for leave to amend its Notice of Removal. *See* ECF No. 12 at p. 4 ("Amazon respectfully requests leave from the Court to amend its Notice of Removal"). That request should be denied. Amazon waited more than a month after filing a defective Notice of Removal before attempting to cure it, demonstrating a clear lack of diligence. And because it was Amazon that initiated the removal of this action from State Court, this Court should hold it to its burden of establishing jurisdiction. As Courts have made clear, "[l]itigants who call on the resources of a federal court must establish that the tribunal has jurisdiction, and ***when after multiple opportunities they do not demonstrate that jurisdiction is present, the appropriate response is clear***." *Brown v. Diversified Maint. Sys.*, 2016 U.S. Dist. LEXIS 75966, *10 (attached as Exhibit 2; emphasis added), quoting *Kroll v. Ceva Freight, LLC*, 13 C 8651, 2014 U.S. Dist. LEXIS 721, 2014 WL 43641, at 2–3 (N.D. Ill. Jan. 6, 2014). The appropriate response here is remand. Amazon had over five (5) weeks to cure fatal defects in its Notice of Removal and failed to do so.

Hon. Eric Komitee
May 4, 2026
Page 2 of 3

Critically, this conceded defect leaves no valid Notice of Removal before the Court. Without a proper notice, there is no jurisdiction to analyze. That failure is dispositive and triggers application of the forum defendant rule. Defendant Alexis Vergara has been served and is therefore a properly served forum defendant. *See* Exhibit 3 – Affirmation of Service. The forum defendant rule, codified at 28 U.S.C. § 1441(b)(2), provides that a case "otherwise removable solely on the basis of diversity of jurisdiction . . . may not be removed if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." (emphasis added).

The Second Circuit is clear: once a home-state defendant has been served, the forum defendant rule applies. *Cf. Gibbons v. Bristol-Myers Squibb Co*. 919 F.3d 699, 702 (2d Cir. 2019) (holding that the forum defendant rule is "inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action."). Here, service on Defendant Vergara is complete, and in the absence here of a valid Notice of Removal, the forum defendant rule independently bars removal. *See Brown*.

Amazon's failure is further compounded by its refusal to submit a proposed Amended Notice of Removal. Even while seeking leave to amend, Amazon offers nothing to cure the defect. That omission is fatal. *Brown* is particularly persuasive in this regard: failure to cure jurisdictional defects after multiple opportunities requires remand. Here, Amazon has burned through no fewer than five (5) clear chances to cure its defective pleading: i) its original Notice of Removal on March 25, 2026; ii) the Court's *sua sponte* Order to Show Cause dated April 10, 2026; iii) its request for an extension on April 20, 2026; iv) Plaintiff's motion for remand on April 23, 2026; and, finally, v) its opposition papers filed on May 1, 2026. Five opportunities. Five failures. Not once did Amazon even attempt to fix the defect. Amazon's inaction indicates a lack of diligence despite being the party to invoke this Court's jurisdiction. The Court should not reward Amazon's decision to do nothing.

As the *Brown* Court explained, "[w]hile other courts have given litigants multiple chances [] they were not obligated to do so. As another district court recently stated when remanding a case, [the defendant] has had two opportunities to properly allege diversity jurisdiction — in its notice of removal, and then in its Jurisdictional Addendum — and it will not be given a third." *Brown* at *10, quoting *Kroll* at 2–3. If *two (2)* opportunities were enough for the *Brown* Court to exercise leniency, five (5) are certainly beyond excessive and warrant the same result.

Hon. Eric Komitee
May 4, 2026
Page 3 of 3

Thus, there is no valid Notice of Removal before this Court. The defects are fatal. Remand to Kings County Supreme Court is mandatory. I remain available for a telephone conference should the Court deem it necessary. Thank you for your time and attention to this matter.

Very truly yours,

Ethan D. Irwin, Esq.