```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 JACQUELINE CARTER,

                    Plaintiff,                MEMORANDUM & ORDER
                                                26-CV-1785 (EK)
              -against-

 AMAZON.COM, INC., AMAZON.COM, LLC,
 AMAZON LOGISTICS, INC., and ALEXIS
 VERGARA,

                    Defendants.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Plaintiff Jacqueline Carter filed this suit in state court against various Amazon entities (collectively, "Amazon"), citizens of Delaware and Washington, and Alexis Vergara, a citizen of New York.  Before Vergara was served, Amazon timely filed a notice of removal, ECF No. 1, that insufficiently substantiated Carter's citizenship.  The Court, acting *sua sponte*, issued an Order to Show Cause, ECF entry on 4/10/26, directing Amazon to show why the case should not be dismissed for want of subject-matter jurisdiction.  While the Order to Show Cause remained pending, Vergara was served, ECF No. 13-3.  Carter subsequently filed a motion for remand, ECF No. 11.

The Court is satisfied at this time that it possesses subject-matter jurisdiction over this case.  The exhibits attached to Amazon's response to Carter's motion, ECF No. 12,

sufficiently demonstrate that Carter was a citizen of Maryland when Amazon filed its notice of removal and when the complaint was filed.

Carter's remand motion argues that (1) Amazon must amend its removal notice and, because Vergara has now been served, the forum-defendant rule applies; and (2) Amazon waited too long to cure the jurisdictional defects in its removal notice, warranting remand for lack of diligence.  Neither argument succeeds.

*First*, the general rule is that a home-state defendant may not remove an action to federal court.  *See* 28 U.S.C. § 1441(b)(2).  However, in *Gibbons v. Bristol-Myers Squibb Co.*, the Second Circuit held that, by its plain text, the removal statute prevents removal only when home-state defendants are "properly joined and served."  919 F.3d 699, 705 (2d Cir. 2019) (quoting 28 U.S.C. § 1441(b)(2)).  Here, Amazon filed its removal notice before Vergara was served.  Although the removal notice was defective and Vergara has since been served, "removability is determined from the record as of the time the petition for removal is filed."  *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994).  An amendment to the notice of removal pursuant to 28 U.S.C. § 1653, which Amazon relies upon, does not change this calculation because the

2

amended notice is not a new filing — it corrects technical defects in the original notice where jurisdiction actually existed.  *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831 (1989).  The action was still "removed," per 28 U.S.C. § 1441(b)(2), prior to service on Vergara.  Consequently, Vergara's recent service fails to trigger the forum-defendant rule.

*Second*, Amazon moved to fix the defects in its removal notice with enough diligence to avoid remand.  Although three weeks elapsed between the Court's Order to Show Cause and Amazon's request to amend its removal notice, Amazon substituted counsel during that period.  Moreover, some delay for jurisdictional fact-finding is understandable, and Amazon ultimately filed its request on May 1, four days before the Court's May 5 deadline to respond.

Accordingly, Carter's motion for remand is denied. Amazon's request for leave to amend its notice of removal is granted.  Amazon shall file the amended notice, with an accompanying blackline, within seven days. The notice must properly substantiate the citizenship of *all parties* at both the time the complaint and the original removal notice were filed. *See United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994).  If Amazon fails to do so, the Court will remand

this case to the Supreme Court of the State of New York, Kings County, without further order.


SO ORDERED.


_/s/ Eric Komitee_
ERIC KOMITEE
United States District Judge


Dated:    May 11, 2026
          Brooklyn, New York