**CALLAHAN&FUSCO** LLC
Attorneys at Law

1 Boland Drive | Suite 301
West Orange | New Jersey | 07052 | 877-618-9770

James W. McCartney, Esq. | Senior Counsel
jmccartney@callahanfusco.com

CONNECTICUT | FLORIDA | GEORGIA | MASSACHUSETTS | NEW JERSEY | NEW YORK | PENNSYLVANIA

*PLEASE SEND MAIL TO **1 BOLAND DRIVE, SUITE 301, WEST ORANGE, NJ 07052** FOR PROCESSING*
*COMMITTED TO SUSTAINABILITY, WE ARE PAPERLESS!*

May 20, 2026

**VIA CM/ECF**

Judge Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> **Re: Carter, Jacqueline v. Amazon.com, Inc., et al.**
> **Case No.: 1:26-cv-01785-EK-PCG**
> **File No.: 3671.NY.1017**
> **Letter-Motion for Reconsideration of Order to Remand**

Dear Judge Komitee:

As you know, we represent Defendants, Amazon.com, Inc. and Amazon Logistics, Inc. ("Amazon"), in this case. On May 20, 2026, the Court granted the plaintiff's second motion to remand the case to the Supreme Court, Kings County. Amazon respectfully requests that the Court reconsider its ruling.

On May 11, 2026, this Honorable Court denied the plaintiff's motion to remand, holding that Amazon had sufficiently demonstrated that plaintiff Jacquline Carter was a citizen of Maryland when Amazon filed its notice of removal and when the complaint was filed. *See* Dkt. 14 at 1-2. The Court ordered Amazon to file an amended notice of removal within seven (7) days, with an accompanying blackline. *Id*. at 3. The Court ordered that the notice "must properly substantiate the citizenship of *all parties* at both the time the complaint and the original removal notice were filed." *Id*. (emphasis in original).

In response to the Court's order, Amazon has been conducting a diligent investigation into the citizenship of co-defendant Alexis Vergara, as the citizenship of Amazon and plaintiff Carter

1

CALLAHAN&FUSCO LLC
Attorneys at Law

James W. McCartney, Esq. | Senior Counsel
jmccartney@callahanfusco.com

1 Boland Drive | Suite 301
West Orange | New Jersey | 07052 | 877-618-9770

CONNECTICUT | FLORIDA | GEORGIA | MASSACHUSETTS | NEW JERSEY | NEW YORK | PENNSYLVANIA
PLEASE SEND MAIL TO 1 BOLAND DRIVE, SUITE 301, WEST ORANGE, NJ 07052 FOR PROCESSING
COMMITTED TO SUSTAINABILITY, WE ARE PAPERLESS!

have already been demonstrated to the satisfaction of the Court. It has been ascertained that Vergara was a citizen of Staten Island, New York, as evidenced by the Police Report, which lists her Staten Island residence, and the fact that she was served with the complaint in this case at her home in Staten Island on April 21, 2026. As such, Amazon has prepared the Amended Notice of Removal as directed by the Court, which is attached hereto as Exhibit A.

Local Rule 6.3 provides for a motion for reconsideration to be filed within 14 days of the Court's order, with "a memorandum setting forth concisely the matters or controlling decisions which the moving party believes the court has overlooked." Rule 6(b) of the Federal Rules of Civil Procedure governs extensions of time. It provides as follows:

> *(b) Extending Time.*
>
> *(1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:*
>
> *(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or*
>
> *(B) on motion made after the time has expired if the party failed to act because of excusable neglect.*

Excusable neglect has been described as follows:

> In Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993), the Supreme Court set forth four factors to be considered in connection with an assertion of "excusable neglect" as justification for a missed judicial deadline: (1) "the danger of prejudice" to the party opposing the extension; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within the reasonable control" of the party seeking the extension; and (4) whether the party seeking the extension "acted in good faith." Id. at 395. While those factors are the central focus of the inquiry, the ultimate determination depends upon a careful review of "all relevant circumstances." Id.; accord Rittmaster v. PaineWebber Group (In re PaineWebber Ltd. Pshps. Litig.), 147 F.3d at 135 ("To establish

CALLAHAN & FUSCO LLC
Attorneys at Law

1 Boland Drive | Suite 301
West Orange | New Jersey | 07052 | 877-618-9770

James W. McCartney, Esq. | Senior Counsel
jmccartney@callahanfusco.com

CONNECTICUT | FLORIDA | GEORGIA | MASSACHUSETTS | NEW JERSEY | NEW YORK | PENNSYLVANIA
PLEASE SEND MAIL TO 1 BOLAND DRIVE, SUITE 301, WEST ORANGE, NJ 07052 FOR PROCESSING
COMMITTED TO SUSTAINABILITY, WE ARE PAPERLESS!

excusable neglect, . . . a movant must show good faith and a reasonable basis for noncompliance.").

*Anderson v. Beland (In re Am. Express Fin. Advisors Sec. Litig.)*, 672 F.3d 113, 129 (2d Cir. 2011).

In this case, the Court, applying the *Pioneer* factors, should allow for the late filing of the Amended Notice of Removal. First, there is no danger of prejudice to the Plaintiff if the Amended Notice of Removal is allowed, as this case has already been pending in federal court and this Court has held that it "is satisfied at this time that it possesses subject-matter jurisdiction over this case." Dkt. 14 at 1. Moreover, no substantive deadlines or discovery have been impacted by Amazon's delayed filing, and Plaintiff has suffered no tactical disadvantage as a result. By contrast, remand of the case would highly prejudice Amazon and impose a disproportionately severe consequence: namely, the denial of Amazon's right to a federal forum under the facts alleged. Second, the delay of two days is minimal and will not impact the proceedings in this case. Instead, reconsideration will restore the parties to the status quo ante. Third, while the delay was within the reasonable control of Amazon, it was caused by Amazon's need to investigate the citizenship of the co-defendant, as the Court required. Finally, Amazon seeks the extension in good faith. It has complied with the Court's orders since the case was removed, and before this instance has timely met the deadlines imposed by the law and this Court, even filing its response to the Order to Show Cause four days early.

As an example, in *M.D. v. Newport-Mesa Unified Sch. Dist.*, 840 F.3d 640 (9th Cir. 2016), the plaintiff missed a Rule 60(b)(1) deadline by two days because counsel had miscalculated the filing deadline. The Court found that where there was no prejudice, the delay was minimal, there

CALLAHAN&FUSCO LLC
Attorneys at Law
1 Boland Drive | Suite 301
West Orange | New Jersey | 07052 | 877-618-9770

James W. McCartney, Esq. | Senior Counsel
jmccartney@callahanfusco.com

CONNECTICUT | FLORIDA | GEORGIA | MASSACHUSETTS | NEW JERSEY | NEW YORK | PENNSYLVANIA
PLEASE SEND MAIL TO 1 BOLAND DRIVE, SUITE 301, WEST ORANGE, NJ 07052 FOR PROCESSING
COMMITTED TO SUSTAINABILITY, WE ARE PAPERLESS!

was no evidence of bad faith, and where counsel's neglect was not "so egregious that it outweighs the remaining three factors," relief should have been granted. *Id.* at 643.

When assessing the types of neglect that should be considered "excusable," the Supreme Court emphasized in *Pioneer* that "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs.*, 507 U.S. at 395. Here, the circumstances reflect an isolated procedural lapse arising from ongoing jurisdictional investigation, rather than gamesmanship or intentional disregard of the Court's order.

For these reasons, Amazon submits that the excusable neglect standard has been met, that the Court should allow for the filing of the Amended Notice of Removal, and that the order remanding the case to state court should be vacated.

Respectfully submitted,

s/ James W. McCartney
James W. McCartney, Esq.